# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, PATRICK COLLIGAN and PETER ANDREYEV<br><br>Plaintiffs,<br><br>v.<br><br>PEOPLEWHIZ, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | Civ. No.<br><br>**DEFENDANT PEOPLEWHIZ, INC.'S NOTICE OF REMOVAL**<br><br>[28 U.S.C. § 1441]<br><br>(Middlesex County Superior Court, Case No. MID-L-1063-24; Complaint Filed: February 15, 2024) |

**TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Peoplewhiz, Inc. ("Peoplewhiz") file this Notice of Removal pursuant to 28 U.S.C. § 1441 and 1446, asserting diversity jurisdiction, pursuant to 28 U.S.C. § 1332, to effect the removal of the above-captioned action, which was commenced in the Superior Court of the State of New Jersey for the County of Middlesex, and state that the removal is proper for the following reasons:

## Background

1. On or about February 15, 2024, Atlas Data Privacy Corporation ("Atlas") as the assignee of individuals who are Covered Persons under Daniel's Law along with Jane Doe-1 (a law enforcement officer), Jane Doe-2 (a law enforcement officer), Patrick Colligan, and Peter Andreyev (collectively, "Plaintiffs") filed a Complaint in the Superior Court of the State of New

Jersey of the County of Middlesex, Case Number MID-L-1063-24 ("State Action"). Plaintiffs' Complaint alleges a single cause of action against Peoplewhiz for violation of Daniel's Law, N.J.S.A. 47:1A-1, et seq. and N.J.S.A. 56:8-166.1. A copy of the Complaint is attached hereto as **Exhibit A**.

2. The State Action was dismissed without prejudice on August 31, 2024 for lack of prosecution. A copy of the Dismissal order is attached hereto as **Exhibit B**.

3. Plaintiff's claim to have effectuated service upon Peoplewhiz on September 4, 2024, which occurred after the State Action was dismissed. (Exhibit C, p. 7 [¶ 12].)

4. Plaintiff's then filed a Motion to Reinstate the Complaint on November 20, 2024. A copy of the Motion to Reinstate is attached hereto as **Exhibit C**. The State Action was reinstated on December 11, 2024. A copy of the Reinstatement Order is attached hereto as **Exhibit D**.

## Timeliness of Removal

5. There is a 30-day time period to remove "after receipt by or service on that defendant of the initial pleading or summons[.]" 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 355-56 (1999). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of … [an] order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(c)(3).

6. Peoplewhiz was served with the Complaint four days after the State Action was dismissed. Obviously, a case which has been dismissed cannot be removed, because there is no pending action that may be subject to removal. See *Erie Ins. Exch. by Stephenson v. Erie Indem.*

*Co.*, 68 F.4th 815, 821 (3d Cir. 2023) (a dismissal without prejudice "leaves the situation as if the action never had been filed.") Thus, there was no operative action that Peoplewhiz could have removed at the time it was served with the Complaint. The State Action was subsequently reinstated on December 11, 2024. This date marks the earliest point in time, following service of the Complaint, which the State Action became removable. 28 U.S.C. § 1446(c)(3). Thus, the 30 day time period to remove the State Action expires on January 10, 2024, which is 30 days after the case was reinstated on December 11, 2024. Accordingly, this Notice of Removal is timely.

## Diversity Jurisdiction

### *There is Complete Diversity of Citizenship Among the Parties.*

7. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

8. Plaintiffs Jane Doe-1, Jane Doe-2, Patrick Colligan, and Peter Andreyev are all citizens of the State of New Jersey. Generally, "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile[.]" *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (internal quotation marks omitted). Here, the Complaint alleges that these plaintiffs are residents of New Jersey. Compl. ¶¶ 15-18.

9. Plaintiff Atlas Data Privacy Corporation is a corporate plaintiff. Compl. ¶ 19. The federal diversity jurisdiction statute provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1). The Complaint alleges that Atlas is "a Delaware corporation" which conducts business in New Jersey. Compl. ¶ 19.

10. Peoplewhiz is a California corporation with its principal place of business in California. A copy of Peoplewhiz's California Secretary of State business entity record is attached hereto as **Exhibit E**.

11. Hence, there is complete diversity between the Plaintiffs, who are New Jersey and/or Delaware residents, and the Peoplewhiz, which is domiciled in California, respectively, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

### *The Amount in Controversy Requirement is Satisfied.*

12. To determine the amount in controversy, courts look first to the plaintiff's state court petition. The "party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Scherer v. The Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 398 (2d Cir. 2003). There is a rebuttable presumption that the face of the complaint is a good-faith representation of the "actual amount in controversy," and "[t]o overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show to a legal certainty that the amount recoverable does not meet the jurisdictional threshold." *Id.* (internal quotation marks and citations omitted).

13. Plaintiffs' only claim against Peoplewhiz is for violation of Daniel's Law, N.J.S.A. 47:1A-1, et seq. and N.J.S.A 56:8-166.1, which prohibits online data brokers from selling, publishing, and distributing the name and address of current and former judges, law enforcement officers, and prosecutors and their eligible family members (i.e., "covered persons"), upon any written request by the covered person.

14. A violation of Daniel's Law allows for "liquidated damages computed at a rate of $1,000 for each violation of this act[.]" Compl. ¶ 45, citing N.J.S.A. 56:8-166.1.

15. In addition to Jane Doe-1, Jane Doe-2, Patrick Colligan, and Peter Andreyev, Plaintiff Atlas "asserts claims against Defendants as the assignee of the claims of approximately 19,783 individuals who are all "covered persons" under Daniel's Law." Compl. ¶ 20.

16. Plaintiffs allege that Peoplewhiz violated Daniel's Law, "and their failure in doing so each constitute a separate violation under the law." Compl. ¶ 56. Thus, the amount in controversy meets the jurisdictional requirements, as Plaintiffs are seeking liquidated statutory damages of least $19,787,000.00. See Compl. ¶ 56. Accordingly, it is clear from the Complaint the amount in controversy is in excess of the statutory amount.

## Venue

17. Venue lies in this court pursuant to 28 U.S.C. § 1141(a), as Plaintiffs originally brought this action in the Superior Court of the State of New Jersey, County of Middlesex and Plaintiffs reside in New Jersey.

## Service of Notice of Removal

18. Notice of this removal will promptly be served on Plaintiffs and the Clerk of the Superior Court in and for the County of Middlesex.

19. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served in this action are attached hereto as **Exhibits A-D**.

WHEREFORE, Peoplewhiz prays that this civil action be removed from the Superior Court of the State of New Jersey, County of Middlesex, to the United States District for the District of New Jersey.

Dated: January 10, 2025                     Respectfully submitted,


**/S/ John E. Brigandi**
JOHN E. BRIGANDI, ESQ.
**KNUCKLES & MANFRO LLP**
600 East Crescent Avenue, Suite 201
Upper Saddle River, NJ 07458
(201) 391-0370
jeb@km-llp.com
Attorneys for Defendant,
PeopleWhiz, Inc.